**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 8 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

---

JOSE ROSAS BERNAL,

Petitioner,

v.

PAMELA BONDI, Attorney General,

Respondent.

No. 23-588

Agency No.
A200-682-026

MEMORANDUM[*]

---

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 4, 2025[**]
Portland, Oregon

Before: McKEOWN and SUNG, Circuit Judges, and FITZWATER, District
Judge.[***]

Petitioner Jose Rosas Bernal seeks review of a Board of Immigration

Appeals ("BIA") decision affirming the denial of his application for cancellation of

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Sidney A. Fitzwater, United States District Judge for
the Northern District of Texas, sitting by designation.

removal. The only question before us is whether Rosas Bernal satisfied his burden under 8 U.S.C. § 1229(b)(1)(D) to demonstrate "exceptional and extremely unusual hardship" to a qualifying relative. We review BIA hardship determinations for substantial evidence. *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1005 (9th Cir. 2025). We have jurisdiction under 8 U.S.C. § 1252(a)(2)(D), and we deny the petition.

Substantial evidence supports the BIA's determination that Rosas Bernal's qualifying children would not suffer "exceptional and extremely unusual hardship" if he were removed to Mexico. Of course, *some* hardship "would normally be expected from the deportation of a close family member." *Wilkinson v. Garland*, 601 U.S. 209, 221 (2024) (cleaned up). The record, however, lacks evidence indicative of extreme hardship, such as complete financial dependence on the petitioning parent, or challenges like "very serious health issues" or "compelling special needs in school" that the parent's presence is necessary to manage. *See Gonzalez-Juarez*, 137 F.4th at 1006. Indeed, the record reflects that Rosas Bernal's children, who were 17 and 19 at the time of the BIA's decision, do not suffer from health issues or other significant challenges. Rosas Bernal may continue to support them financially by working in Mexico, and they have other family members in the United States who may help care for them. This evidence would not compel a

reasonable adjudicator to conclude that any harm the children may face "deviate[s], in the extreme, from the norm." *Id*.

Moreover, Rosas Bernal has not demonstrated that the BIA overlooked "highly probative or potentially dispositive" evidence in its analysis. *See Castillo v. Barr*, 980 F.3d 1278, 1283 (9th Cir. 2020). The BIA referenced nearly all the facts Rosas Bernal cites in support of a hardship showing, including his testimony about being the "primary financial source" for his family, and his qualifying children's health and educational circumstances. And a broad country-conditions report that does not pertain to Rosas Bernal or to the areas in Mexico to which he would likely return is neither highly probative nor dispositive of hardship in this case. *Gonzalez-Juarez*, 137 F.4th at 1007–08 (Evidence of country conditions "that applies equally to a large portion of removal cases does not compel the conclusion that the hardship standard is met.").

**PETITION DENIED.**